(No. 75-CV-0057—)

IN RE APPLICATION OF SOL GOLDBERG

*Opinion filed April 6, 1979.*

Pierce & Goldman, by Allen S. Pierce, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; by ORISHA KULICK, Assistant Attorney General, for Respondent.

POCH, J.

This matter comes before this Court on Respondent's motion to dismiss the claim on the grounds that a claim for compensation under the "Crime Victims Compensation Act" does not survive the death of the Claimant.

Claimant filed his claim for benefits under the "Crime Victims Compensation Act" on July 29, 1974. There were several hearings on this matter, and during the pendency of the claim, the Claimant, Goldberg, died of causes unrelated to his original injury. He apparently had a heart attack on July 13, 1977 which caused his death.

The Court has never rendered an opinion on this claim, and upon the Claimant's death, the Attorney General moved to dismiss the claim on the grounds that a claim for compensation under the "Crime Victims Compensation Act" does not survive the death of the Claimant.

The statute which the Court must consider is the "Survival Act" which is found in Ill. Rev. Stat. 1977, Ch. 110-1/2, Sec. 27-6. That statute sets forth the Acts which, in addition to common law, survive the death of a party. The Court must determine whether or not the "Crime Victims Compensation Act" is therefore one of those which does survive the death of the Claimant.

There is no doubt that the Crime Victims Compensation Law was unknown at common law and thus is a purely statutory cause of action. It is clear that a statutory cause of action does not survive unless declared by statute to do so.

The case before the Court is a claim for an award in a Statutory Court and is not an adversary proceeding against a defendant as in a tort action.

In the instant case, the "Crime Victim Compensation Act," Section 11 (Ill. Rev. Stat. Ch. 70, Sec. 81) provides as follows: ".... Compensation due under this Act may not be assigned, pledged, encumbered, released or commuted ...." It is clear that the compensa-

tion cannot be assigned, and that the drafters of the law in the Legislature did not wish it to survive because no mention is made in the Act that it survive the death of the Claimant.

In this case, the Claimant, Sol Goldberg, died prior to the adjudication on the merits of his claim. Goldberg claim did not survive his death because it is not an "action" to recover damages for the injury to the person. It is rather a statutory creation allowing a Claimant to seek compensation from the State.

Since the Crime Victim's Act is totally silent as to survival, it is a strict statutory action which terminates and abates at the death of a Claimant.

It is therefore the finding of the Court that the claim of Sol Goldberg abated upon his death and the motion of the State to dismiss this claim is hereby granted.